IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARTHUR DINGLE | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-210 |
| JOHN STEVENS, JR., *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Marthur Dingle, a pre-trial detainee at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Judge John Stevens, Jr., District Attorney Mike Laird, and the Port Arthur Police Department.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed the above-referenced complaint on May 17, 2023 (doc. # 1). Plaintiff filed a Motion to Proceed *In Forma Pauperis* on the same day (doc. # 2). On June 2, 2023, the undersigned ordered Plaintiff to provide a certified income trust statement for the preceding six month period within 30 days from receipt of the order (doc. # 5). Plaintiff acknowledged receipt of the order no later than June 12, 2023 (doc. # 6). More than ample time has passed, yet Plaintiff has failed to comply with this order and has failed to otherwise communicate with the court.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370

U.S. 626, 629 (1962)). In the present case, Plaintiff has failed to provide the court with a certified income trust statement for the preceding six month period and has failed to otherwise communicate with the court.

### Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE